UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

FOREST PARK PICTURES, TOVE
CHRISTENSEN, and HAYDEN CHRISTENSEN,

         Plaintiffs,

    - against -

USA NETWORK, INC.,

         Defendant.

----------------------------------------------------------------- x

10-CV-5168 (PKC)

**SECOND AMENDED COMPLAINT
WITH JURY DEMAND**

Plaintiff, Forest Park Pictures, Tove Christensen, and Hayden Christensen, by

their attorneys, Liddle & Robinson, L.L.P., for their First Amended Complaint allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action for damages arising from a breach of an implied

contract by Defendant USA Network, Inc. ("USA Network").

## THE PARTIES

2.  Forest Park Pictures was a California-based production company with its

principal place of business located in Los Angeles, California. Forest Park Pictures, which is no

longer active, was incorporated in the State of California and last transacted business in the State

of California.

3.  Tove Christensen is an individual who resides, and is domiciled, in the

State of California. Tove Christensen's home is in Los Angeles, California.

4.  Hayden Christensen is an individual who resides, and is domiciled, in

Toronto, Canada. Hayden Christensen has a home in Toronto.

5.  USA Network is a television production company with its principal place

of business located at 30 Rockefeller Plaza, New York, New York. USA Network is a wholly

owned subsidiary of NBC Universal, Inc., which also has its principal place of business in New York, New York.

**JURISDICTION AND VENUE**

6.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 (diversity jurisdiction) and 1367 (supplemental jurisdiction).    The amount in controversy exceeds $75,000.

7.    Venue is proper in this district under 28 U.S.C. § 1391(a) and (c) because defendants is subject to personal jurisdiction in this district because New York, New York is defendant's principal place of business.  In addition, the television show that is the subject of this Complaint is produced and filmed in this District.

**FACTS**

8.    In 2005, Plaintiffs conceived a novel idea and treatment for a television series titled "Housecall" based on the life of Bret Robert Cohen, M.D., who worked as a concierge doctor (or a doctor who makes house calls) in Malibu, California.  The concept for the series was as follows:

- The main character was a young doctor with "a heart of gold" who was expelled from the traditional medical community because of his refusal to turn his back on a patient who could not pay;

- After losing his job, the main character leaves the city where he worked and moves to the beach community located in Malibu, California with his best friend;

- Through a series of unintended occurrences, the main character begins working as a concierge doctor in Malibu, making house calls to rich and famous clients;

- The main character's job as a concierge doctor impacts his personal relationships;

- The show was a comedic drama.

9.      At the time of the events in question, USA Network knew that the pitching of creative ideas for compensation was part and parcel of Plaintiffs' livelihood and business. Moreover, individuals who Plaintiffs met with, including Alex Sepiol, who was at the time Manager, Original Scripted Series Programming at USA Networks, worked in the entertainment industry, and at all relevant times knew (a) that writer-creaters pitch creative ideas to prospective purchasers with the object of selling those ideas for compensation; and (b) that it was standard in the entertainment industry for ideas to be pitched with the expectation of compensation in the event of use.

10.      After conceiving of this idea for a television series, Plaintiffs worked with Actual Reality to create a treatment, which included character biographies, concepts, themes, and plot/story lines.

11.      On or around November 8, 2005, Plaintiffs sent Mr. Sepiol materials related to the pitch of "Housecall," including a treatment, character biographies, and show ideas. The express purpose of sending this material to Mr. Sepiol was to pitch creative ideas to USA Network for a television series.  It was understood that Plaintiffs were pitching those ideas with the object of persuading USA Network to purchase those ideas for commercial development, and/or to employ Plaintiffs in the production of those ideas.

3

12.     After Plaintiff sent those materials to USA Network, Plaintiffs told Mr. Sepiol that they wanted to meet with him to pitch the show.  Mr. Sepiol scheduled a meeting with Plaintiffs for the express purpose of hearing Plaintiffs pitch "Housecall."  Mr. Sepiol did not tell Plaintiffs, directly or indirectly, that USA Network had or was developing a similar series whose main character was a concierge doctor in an exclusive beach community who was expelled by the conventional medical community.

13.     On November 14, 2005, Tove Christensen and Peter Michaels, who worked for Forest Park Pictures as a Vice President, Television Production, met with Mr. Sepiol and one of his colleagues at the offices of USA Network in Universal City, California.  The express purpose of this meeting was for Plaintiffs to pitch "Housecall" to USA Network.  It was understood that Plaintiffs were pitching those ideas with the object of persuading USA Network to purchase those ideas for commercial development, and/or to employ Plaintiffs in the production of those ideas.

14.     At this meeting, Plaintiffs told Mr. Sepiol and his colleague, among other tings, that "Housecall" was about a doctor with "a heart of gold," who is expelled from the conventional medical community because he insists on treating a patient who cannot pay, and is forced to relocate form the city where he lived to the exclusive beach community of Malibu, California.  Once in Malibu, the main character becomes a concierge doctor, or a doctor who makes house calls, to the rich and famous residents of Malibu.  The main character has a best friend who also lives in Malibu who helps the main character get clients and, unlike the main character, wants very badly to be part of the rich and famous set of Malibu.  The show was a comedic drama.

15.     At no time during this meeting did any employee of the Defendant state, directly or indirectly, that USA Network had or was developing a similar series concept.  At no time during the meeting did any employee of Defendant ask Plaintiffs to stop their presentation regarding a series whose main character was a concierge doctor in a fancy beach community who was expelled by the conventional medical community.  In fact, at the meeting on November 14, 2005, Mr. Sepiol told Plaintiffs that, prior to learning about "Housecall," he was unaware of concierge doctors, and that he thought it was a fascinating concept for a television show.  The meeting ended on a positive note.

16.     Over the next week, Mr. Sepiol and Plaintiffs had further communications regarding USA Network acquiring "Housecall."  USA Network ultimately passed on the project.

17.     Unbeknownst to Plaintiffs, USA Network misappropriated Plaintiffs' ideas (including their characters, series concept, and story lines) and secretly produced its own television series based on those ideas.

18.     Without Plaintiffs' knowledge or consent, USA Network produced a whole television series titled "Royal Pains" based upon and utilizing the detailed ideas and story lines Plaintiffs had pitched as "Housecall."  The "Royal Pains" series utilized the following ideas that were misappropriated form Plaintiffs' series:  the main character of "Royal Pains" is a doctor with "a heart of gold" expelled form the conventional medical community after he refused to deny treatment to a patient who cannot pay, and relocates to an exclusive beach community in the Hamptons, whether, with the help of his brother, he becomes a concierge doctor to the rich and famous set.  The main character's brother, like the best friend character in "Housecall," helps the concierge doctor get clients and wants to become a part of the rich and famous set.  The show is a comedic drama.

5

19.     Plaintiffs learned that USA Network had decided to produce and broadcast "Royal Pains" during the summer of 2009, when the first season of "Royal Pains" aired on USA Network.  USA Network has begun broadcasting a second season in the summer of 2010.

20.     USA Network has deceived the public by falsely stating that individuals other than Plaintiffs created "Royal Pains."

21.     USA Network continues to produce and broadcast episodes of "Royal Pains."

22.     At no time did USA Network ever request or obtain Plaintiffs' consent to use the above-referenced ideas.  USA Network has not compensated Plaintiffs for the value of his contributions.  Using Plaintiffs' series concepts, USA Network has made millions.  Plaintiffs, on the other hand, have received nothing out of "Royal Pains."

**FIRST CLAIM**
(Breach of Implied Contract)

23.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 22, as if separately set forth herein.

24.     Plaintiffs prepared and submitted novel ideas for a television series, including an oral presentation, a written treatment, character biographies, and proposed scenes, to USA Network.  As alleged herein, Plaintiffs ideas for a television series centered around a doctor with "a heart of gold" who is expelled from the conventional medical community and becomes a concierge doctor in an exclusive beach community.

25.     In the entertainment industry, television story pitches are intended to among other things, interest studios or producers in purchasing those ideas and turning them into a series for commercial broadcast.  USA Network voluntarily accepted Plaintiffs' ideas knowing full well that Plaintiffs had submitted those ideas in confidence and for economic gain, and with

the clear expectation of payment in the event those ideas were utilized by USA Network in a production series, or other commercial setting.   When USA Network agree to meet with Plaintiffs to discuss "Housecall," USA Network made it clear that it was interested in the "Housecall" concept and characters for possible production of a series.

26.    USA Network had an opportunity to reject the ideas contained in Plaintiffs' disclosures and submissions.   Instead, USA Network accepted Plaintiffs' ideas and turned them into an enormously valuable series called "Royal Pains," a series centered around a doctor with "a heart of gold" who is expelled from the conventional medical community and becomes a concierge doctor in an exclusive beach community.

27.    USA Network continues to produce and broadcast episodes of "Royal Pains" without compensating Plaintiffs, thereby continuing its breach of contractual obligations owed to Plaintiffs.

28.    Using Plaintiffs' series concepts, as embodied in a written treatment and scenes and statements made by Plaintiffs to USA Network, USA Network has made millions of dollars in profit.   As a direct and proximate result of Defendants' actions, Plaintiffs have been damages in an amount to be determined at trial, and is believed to exceed several million dollars, including but not limited to, the value of Plaintiffs' ideas, and loss of a share of the profits derived from their ideas.   Plaintiffs' losses are ongoing.

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

A.      On the First Claim, general and special damages according to proof, plus interest, and all other relief as the Court deems just and proper; and

B.      Such other and further relief as the Court deems appropriate under the circumstances.

Dated: New York, New York
       August 27, 2010

                              LIDDLE & ROBINSON, L.L.P.

                              By: _____
                                      David Marek
                              Attorneys for Plaintiff
                              800 Third Avenue
                              New York, New York 10022
                              (212) 687-8500

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
FOREST PARK PICTURES, TOVE :
CHRISTENSEN, and HAYDEN CHRISTENSEN, :
:
Plaintiffs, :
:            10-CV-5168 (PKC)
-against- :
:            **AFFIDAVIT OF SERVICE**
USA NETWORK, :
:
Defendant. :
x
-------------------------------------------------------

**ERIK RESTO,** being duly sworn deposes and says:

1. I am not a party to the above referenced action, am over 18 years of age, and reside at 2340
Beaumont Avenue, Bronx, NY 10458.

2. On August 27, 2010, I personally served the **SECOND AMENDED COMPLAINT WITH
JURY DEMAND** on the following:

USA NETWORK, INC.
30 Rockefeller Plaza
New York, NY 10112-0299
Attention: Mariano Schwed


_____
ERIK RESTO

Sworn to before me this
27th day of August, 2010.

_____
NOTARY PUBLIC

ROSE M REVERENDO
Notary Public - State of New York
No. 01RE4908329
Qualified in New York County
My Commission Expires Feb. 28, 2014