

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2010
```

Julie A. Shepard
Senior Litigation Counsel

30 Rockefeller Plaza
New York, NY 10112
tel 212 664-4167
fax 212 664-6572
julie.shepard@nbcuni.com

September 7, 2010

Hon. P. Kevin Castel
United States District Court for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE: *Forest Park Pictures et al. v. USA Network, Inc.*, 10-CV-5168 (PKC)

Dear Judge Castel:

I represent Defendant Universal Television Networks ("USA") (incorrectly named as USA Network, Inc.) in this action. I respectfully write to request a pre-motion conference in advance of USA's motion to dismiss the Second Amended Complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6).

On August 20, 2010, USA submitted a pre-motion letter to the Court indicating that it intended to move to dismiss Plaintiffs' First Amended Complaint for failure to state a claim. The First Amended Complaint contained three causes of action: implied contract, unfair competition, and unjust enrichment. In response to USA's letter, Plaintiffs requested leave to file the SAC and stated their intent to drop two of their three claims. After the Court granted leave, Plaintiffs filed the SAC on August 27, 2010. The SAC includes a single count for breach of implied contract. USA now intends to move to dismiss the remaining count for the reasons stated in its August 20 letter, which is attached. (USA received permission to attach the August 20 letter to this letter, even though the combined documents are more than five pages.)

In sum, Plaintiffs allege that USA must have misappropriated their concept for a television show about a doctor who makes house calls to create the television series *Royal Pains*. However, Plaintiffs' alleged implied-in-fact "contract" is far too vague to be enforceable. Moreover, because Plaintiffs seek to enforce rights equivalent to copyright, their contract claim is preempted by the Copyright Act and should be dismissed for that independent reason as well. In their August 25, 2010 letter responding to USA's first pre-motion letter, Plaintiffs fail even to acknowledge, much less distinguish, the decision in *Montz v. Pilgrim Films & Television, Inc.*, 606 F.3d 1153, 1157 (9th Cir. 2010) (granting Rule 12(b)(6) motion to dismiss). *Montz* is squarely on point here and held that an identical breach of implied contract claim was preempted. *Id.*

*[Handwritten endorsement:]* Pre-motion conference request to be taken up at September 16 conference. Time to answer or move adjourned to a date to be set at the conference.
SO ORDERED
[signature] USDJ
9-9-10

2

And, should the Court conclude that Plaintiffs have sufficiently alleged an implied contract that is not preempted, which they have not, New York law should apply to any such contract,[1] and Plaintiffs cannot satisfy New York's novelty requirement for idea theft claims. *See Am. Business Training Inc. v. Am. Management Ass'n*, 851 N.Y.S.2d 491, 495 (N.Y. App. Div. 2008) (explaining novelty requirement). Indeed, a television show about a doctor who makes house calls is not novel as a matter of law.

Finally, USA notes that the Court has scheduled an initial pretrial conference for September 16.[2] USA respectfully requests that the Court extend the deadline for filing the motion to dismiss until after September 16, such that the conference on the motion can be combined with, or held in lieu of, the initial pretrial conference. USA's motion to dismiss is currently due on September 10, 2010.

Thank you very much for your consideration.

Respectfully,

*Julie Rikelman*

Julie Rikelman
Counsel for Defendant
Universal Television Networks
30 Rockefeller Plaza, Rm. 1011E
New York, NY 10112
(212) 664-4167

Enc.

cc:   David Marek, Counsel for Plaintiffs, by fax

---

[1] For the purposes of determining whether the parties formed a binding contract, there is no conflict between California and New York law on the relevant legal principles. Further, federal law governs the issue of whether copyright law preempts Plaintiffs' implied contract claim. Thus, the Court need not reach the issue of whether California or New York law will ultimately govern the interpretation of any contract if it dismisses Plaintiffs' claim based on one of USA's first two arguments.

[2] USA notes that, contrary to the August 31, 2010 Order scheduling the initial pretrial conference, which instructed that "[c]ounsel for Plaintiff is directed to immediately send a copy of this notice to all parties," undersigned counsel has not yet received a copy of the notice from Plaintiffs' counsel. Instead, undersigned counsel learned of the notice by checking the docket in the case.