USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x

FOREST PARK PICTURES, TOVE CHRISTENSEN,
and HAYDEN CHRISTENSEN

                                      Plaintiffs,

-against-

UNIVERSAL TELEVISION NETWORK, INC.

                                      Defendant.

——————————————————————x

10 Civ. 5168 (CM)

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

McMahon, J.

Plaintiffs Forest Park Pictures, Tove Christensen, and Hayden Christensen (collectively, the "Plaintiffs") commenced this action against Defendant Universal Television Network ("USA Network") on July 6, 2010. The case was initially assigned to the Honorable P. Kevin Castel.[1] Plaintiffs filed a first amended complaint on July 14, 2010, and filed a second amended complaint on August 27, 2010. USA Network requested a conference with the Court in advance of filing its motion to dismiss the second amended complaint, and a conference was held on September 23, 2010. Following the conference, Plaintiffs moved for permission to file a third amended complaint on October 1, 2010. Judge Castel granted the motion on November 2, 2010, and USA Network now moves to dismiss the third amended complaint. For the reasons discussed below, USA Network's motion to dismiss is granted.

### I. Background

Forest Park Pictures is a California-based production company with its principal place of business in Los Angeles, California.[2] (Third Am. Compl. ¶ 2.) Tove Christensen ("Tove") and Hayden Christensen ("Hayden") are affiliated with Forest Park Pictures, but their relationship to the production company is not explained in the complaint. Tove is a resident of California and Hayden is a resident of Canada. (Id. ¶¶ 3-4.)

---

[1] The case was transferred to my docket on April 7, 2011.

[2] The complaint states that Forest Park Pictures is "no longer active." (Third Am. Compl. ¶ 2.) No further information is provided in the complaint regarding the current status of Forest Park Pictures.

1

USA Network is a television production company with its principal place of business in New York. (Id. ¶ 5.)

Plaintiffs allege that in 2005 they developed an idea for a television series titled "Housecall"— based on the life of a doctor who makes house calls in Malibu, California. (Id. ¶ 8.) Plaintiffs allege that they created "character biographies, concepts, themes, and plot/story lines" for the television series. (Id. ¶ 10.)

On November 8, 2005, Plaintiffs sent Alex Sepiol, Manager of Original Scripted Series Programming at USA Network, materials for Housecall. (Id. ¶¶ 9, 11.) Plaintiffs allege that the "express purpose of sending this material to Mr. Sepiol was to pitch creative ideas to USA Network for a television series." (Id. ¶ 11.) According to Plaintiffs, Sepiol "worked in the entertainment industry, and at all relevant times knew (a) that writer-creators pitch creative ideas to prospective purchasers with the object of selling those ideas for compensation; and (b) that it was standard in the entertainment industry for ideas to be pitched with the expectation of compensation in the event of use." (Id. ¶ 9.)

After sending the materials for Housecall to Sepiol, Plaintiffs requested a meeting to "pitch the show." (Id. ¶ 12.) On November 14, 2005, Tove met with Sepiol to discuss Housecall. Plaintiffs allege that "[i]t was understood that Plaintiffs were pitching those ideas with the object of persuading USA Network to purchase those ideas for commercial development." (Id. ¶ 13.) Plaintiffs explained to Sepiol that Housecall is based on a doctor who relocates to Malibu, California after being expelled from the conventional medical community for treating patients who could not pay their medical bills. (Id. ¶ 14.) Once in Malibu, the main character becomes a doctor who makes house calls to the rich and famous residents of Malibu— otherwise known as a "concierge" doctor. (Id.)

After the meeting, and over the course of the following week, Sepiol and Plaintiffs had further communications about USA Network acquiring Housecall, but ultimately USA Network rejected the idea. (Id. ¶ 16.)

According to Plaintiffs, USA Network misappropriated their idea in producing its own television series titled "Royal Pains," which USA Network broadcast in 2009. (Id. ¶¶ 17, 19.) Royal Pains, like Housecall, is based on a doctor who, after being expelled from the conventional medical community for treating patients who are unable to pay, relocates to the Hamptons where he becomes a "concierge" doctor. (Id. ¶ 18.)

Plaintiffs allege that no one at USA Network stated that the network was or had developed a similar concept for a television series. (Id. ¶ 15.)

Plaintiffs assert one cause of action for breach of an implied contract. USA Network moves to dismiss the complaint, arguing that the alleged contract is too vague to be enforced and,

alternatively, that the Copyright Act preempts the Plaintiffs' claim. Because the Plaintiffs' breach-of-implied-contract claim is preempted by federal copyright law, I decline to address USA Network's other argument for dismissal of the complaint.

## II. DISCUSSION

Plaintiff's sole cause of action alleges that USA Network breached an implied contract. Plaintiffs allege that the contract was created when USA Network agreed to hear Plaintiffs' ideas knowing that they were submitted with the expectation that Plaintiffs would be compensated if the ideas were utilized in creating a television series. (Third Am. Compl. ¶¶ 23-28.)

Plaintiffs argue that California law applies to the preemption analysis. Plaintiffs are incorrect. Whether a federal statute preempts a state-law claim is a federal question and a federal court applies the law of the circuit in which it sits—here, the Second Circuit—when deciding federal questions. See, e.g., In re Ski Train Fire in Kaprun, Austria on November 11, 2000, 342 F. Supp. 2d 207, 211 n.29 (S.D.N.Y. 2004). Thus, this Court applies the law of this Circuit to determine if the Plaintiffs' state-law claim is preempted by the Copyright Act.

The Copyright Act provides:

All legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified in Section 106 in works of authorship that are fixed in tangible form of expression and come within the subject matter of copyright . . . are governed exclusively by this title. No person is entitled to any such right or equivalent right in any such work under the common law or statutes of any state.

17 U.S.C. § 301. Claims brought pursuant to state law are preempted by the Copyright Act where "(1) the subject matter of the state-law right falls within the subject matter of the copyright laws; and (2) the state-law right asserted is equivalent to the exclusive rights protected by federal copyright law." Kregos v. Associated Press, 3 F.3d 656, 666 (2d Cir. 1993).

First, the subject matter of Plaintiffs' breach-of-contract claim—the character biographies, plots, and story lines created by Plaintiffs for Housecall—falls within the subject matter of the copyright laws. See 17 U.S.C. § 102(a) ("original works of authorship fixed in a tangible medium of expression"). Moreover, the preemptive reach of the Copyright Act also encompasses state-law claims concerning materials that are not copyrightable, such as ideas. National Basketball Assoc. v. Motorola, Inc., 105 F.3d 841, 849 (2d Cir. 1997); Boyle v. Stephens Inc., 1998 WL 690816, *5 (S.D.N.Y. Sept. 29, 1998); 17 U.S.C. § 102(b). Thus, even if Plaintiffs' state-law claim is based on their ideas and concepts for Housecall, the claim still falls within the subject matter of the copyright laws.

Second, state laws are preempted if they create "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . ." 17 U.S.C. § 301(a). Pursuant to this test, "[w]hen a right defined by state law may be abridged by an act which, in and of itself, would infringe one of the exclusive rights, the state law in question must be deemed preempted." Harper & Row, 723 F.2d 195, 200 (2d Cir. 1983). "[I]f an extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright, and there is no preemption." Computer Assoc. Int'l, Inc. v. Atlai, Inc., 982 F.2d 693, 716 (2d Cir. 1992).

Plaintiffs' breach-of-implied-contract claim based on his alleged right to be compensated for the use of his idea for a television series is equivalent to the exclusive rights protected by the copyright law and is therefore preempted by the Copyright Act. In Muller v. Twentieth Century Fox Film Corporation, 2011 WL 1330632 (2d Cir. Mar. 30, 2011), the Circuit concluded that the plaintiff's breach-of-implied-contract claim, based on the defendants' purported failure to compensate and credit the plaintiff for the alleged unauthorized use of his screenplay, was preempted by the Copyright Act. Id. at *16; see also Smith v. New Line Cinema, 2004 WL 2049232, at *5 (S.D.N.Y. Sept. 13, 2004); Panizza v. Mattel, Inc., 2003 WL 22251317, at *2 (S.D.N.Y. Sept. 30, 2003). This Court in Smith v. New Line Cinema, 2004 WL 2049232, at *5 (S.D.N.Y. Sept. 13, 2004), reached a similar conclusion: holding that the plaintiff's breach-of-implied-contract claim, based on the defendants' use of the plaintiff's screenplay without compensation, was preempted by the Copyright Act.

Similarly, Plaintiffs allege that their ideas for a doctor-based television series were used by USA Network without compensation. Like the breach-of-contract claims in Smith and Muller, Plaintiffs' state-law right to receive compensation for the alleged use of his ideas or materials is equivalent to the exclusive rights protected by federal copyright law. Accordingly, Plaintiffs' breach-of-contract claim is preempted by the Copyright Act and should therefore be dismissed.

### III. CONCLUSION

For the reasons discussed, Plaintiffs' complaint is dismissed.

Dated: May 10, 2011

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

4